IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                               )
                                     )
DEBRA LYNNE HOPKINS,                 )   Case No. 11-44130
                                     )
          Debtor.                    )

ORDER DENYING BELFOR USA GROUP, INC'S MOTION
FOR LEAVE TO PROCEED WITH EXECUTION AND REQUEST FOR
RELIEF FROM THE AUTOMATIC STAY

This is a Chapter 13 bankruptcy case with a confirmed plan. Belfor USA Group, Inc., obtained a judgment of nondischargeability against the Debtor, which judgment is now final. Belfor seeks Court authorization to proceed with execution of that judgment. First, Belfor is asking the Court to hold that the automatic stay is no longer in effect as to its prepetition, nondischargeable judgment pursuant to 11 U.S.C. 362(c)(2)(C), despite the fact that the Chapter 13 case remains pending. In the alternative, if the stay is applicable, Belfor seeks relief from such stay under § 362(d). Its goal is to garnish the Debtor's postpetition wages, even though the Debtor is obligated to make plan payments from such wages.

In support of its argument that the stay is no longer in effect, Belfor relies on § 362(c), which provides, in relevant part:

(c)  Except as provided in subsections (d), (e), (f), and (h) of this section–

(1) the stay of *an act against property of the estate* under

subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay *of any other act* under subsection (a) of this section continues until the earliest of–

    (A) the time the case is closed;

    (B) the time the case is dismissed; or

    (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied . . . .[1]

Belfor relies primarily on the Sixth Circuit's decision in *In re Embry*,[2] which held that the holder of a nondischargeable judgment did not violate the automatic stay by garnishing the Chapter 7 debtor's personal bank account, which the Court had found was not an asset of the bankruptcy estate. Specifically, the Sixth Circuit held that, because the general discharge has no effect on nondischargeable debts, "requiring the creditor to wait until the general discharge under section 727(a) gives the debtor the opportunity to delay and/or hinder the creditor from executing upon post-petition property, which is not property of the bankruptcy estate, for no valid reason."[3]

The *Embry* Court also adopted the reasoning of a Ninth Circuit Bankruptcy

---

[1] 11 U.S.C. § 362(c)(1) and (2) (emphasis added).

[2] 10 F.3d 401 (6th Cir. 1993).

[3] *Id.* at 403 (citation and internal quotation marks omitted).

Appellate Panel decision which had held in a Chapter 7 case that a nondischargeable judgment constitutes a denial of discharge under § 362(c)(2)(C), which section terminates the stay as to that judgment by operation of law.[4]

Several courts have disagreed with the holdings of *Embry* and *Watson*.[5] However, even if they are sound, they are plainly distinguishable from the case at bar since they were Chapter 7 cases, as will be shown.

As stated, *Embry* and *Watson* rely on § 362(c)(2), which terminates the stay as to "*any other act* under subsection (a) of this section" – meaning, an act *other than* an act against property of the estate under § 362(c)(1). With regard to acts against property of the estate, § 362(c)(1) provides that the automatic stay continues until the property is no longer property of the estate. The *Embry* Court was able to rely on § 362(c)(2) because it had determined that the bank account which the judgment creditor was garnishing was not property of that debtor's estate. Although the Court did not say so, that was because it was a Chapter 7 case where postpetition assets and wages are generally not property of the estate.[6]

---

[4] *In re Watson*, 78 B.R. 232 (B.A.P. 9th Cir. 1987).

[5] *See, e.g., In re Cardillo*, 172 B.R. 146 (Bankr. N.D. Ga. 1994); *In re Neilsen*, 443 B.R. 718 (Bankr. W.D. Va. 2011); *In re Mu'min*, 374 B.R. 149 (Bankr. E.D. Pa. 2007).

[6] *See In re Storozhenko*, 459 B.R. 693 (Bankr. E.D. Mich. 2011) (stating that *Embry* and § 362(c)(2) only apply to property *other than* property of the estate, even in a Chapter 7 case.).

But, this is a Chapter 13 case. As such, § 1306 defines what is included in the debtor's bankruptcy estate. That section provides:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title –
>
>> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
>>
>> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.
>
> (b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.[7]

Under this provision, all of the Debtor's property, as well as her postpetition earnings, are property of the estate until the case is closed, dismissed or converted. Consequently, under the language of § 362(c)(1), the automatic stay has not ceased as to the Debtor's wages, even though Belfor's debt was found to be nondischargeable. Section 362(c)(2) simply does not apply.

At the hearing, Belfor's counsel argued that he only wanted to garnish wages over and above that needed to pay the Chapter 13 plan payments and allowable living expenses. However, as both the Debtor and Chapter 13 Trustee pointed out, §

---

[7] 11 U.S.C. § 1306.

1325(b)(1)(B) requires that a Chapter 13 debtor's projected disposable income be applied to make payments to unsecured creditors under the plan.[8] As a result, if the Debtor had additional disposable income, she would be obligated to increase her plan payments for distribution to her unsecured creditors. And, in the Eighth Circuit, she would not be permitted to propose a plan to treat Belfor's nondischargeable debt more favorably than other unsecured claims.[9]

For all of these reasons, I find that the automatic stay continues to protect the Debtor's postpetition wages and other estate property from execution by Belfor.

In the alternative, Belfor requests that the stay be lifted for cause under § 362(d)(1). As Belfor suggests, a decision to grant or deny a motion for relief from the automatic stay is within the discretion of the Bankruptcy Court.[10] Belfor's primary basis for a finding of cause is the delay it has experienced, and will continue to experience, in collecting its nondischargeable debt. It also asserts that, in a civil action, it would be able to promptly execute on its judgment. However, it is the very nature of the automatic stay to cause delay in payment to creditors, particularly a

---

[8] 11 U.S.C. § 1325(b)(1)(B).

[9] 11 U.S.C. § 1322(b)(1). *See also Groves v., LaBarge (In re Groves)*, 39 F.3d 212 (8th Cir. 1994) (holding that a Chapter 13 plan could not provide for more favorable treatment of nondischargeable student loan debt than other unsecured debt).

[10] *In re Panther Mountain Land Dev., LLC*, 446 B.R. 282, 286 (B.A.P. 8th Cir. 2011).

Chapter 13 case. Indeed, its purpose is to prevent judgment creditors from executing on a debtor's property. If delay in payment and ability to execute were grounds for relief from the stay, the stay would have no purpose. The fact that Belfor has a nondischargeable judgment does not change that purpose. As a result, I find that Belfor has failed to demonstrate cause for relief from the stay under § 362(d) and, therefore, its request for relief from the stay is denied.

ACCORDINGLY, Belfor USA Group, Inc.'s Motion for Leave to Proceed with Execution and request for relief from the automatic stay under § 362(d) is DENIED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date:6/7/2012

Attorney for Movant to Serve Parties Not Receiving Electronic Notice.